# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CORY KAPRAL,**

    **Plaintiff,**

v.                                                      **Case No.: 8:13-cv-2967-T-36AAS**

**GEICO INDEMNITY COMPANY,**
a foreign corporation,

    **Defendant.**

_____/

## **ORDER**

This matter comes before the Court on non-party Theodore C. Eastmoore's Motion for Protective Order (Doc. 202) and Defendant's Opposition thereto (Doc. 204).[1]

The instant action is a third-party bad faith action brought by Plaintiff Cory Kapral against Defendant Geico Indemnity Company, arising out of an automobile accident involving Plaintiff and Pamela Beitlich. (Doc. 1). Following the accident, Paul and Pamela Beitlich retained Theodore C. Eastmoore, Esq., who filed the underlying lawsuit.

On December 21, 2016, the instant action was set for trial before the Honorable Charlene Edwards Honeywell, United States District Judge, commencing on January 23, 2017. (Doc. 201, p. 3). Thereafter, defense counsel issued a trial subpoena to Mr. Eastmoore, which was served on December 29, 2016, compelling his attendance at the trial on January 23, 2017. (Doc. 202, p. 4). On January 5, 2017, Mr. Eastmoore filed the instant Motion for Protective Order requesting that he be released from the trial subpoena because he is presently set to serve as lead counsel in a two-

---

[1] The undersigned ordered Defendant to provide an expedited response. (Doc. 203).

week medical malpractice trial beginning on January 23, 2017.  (Doc. 202, p. 1).

The Court may enter a protective order under Rule 26(c)(1).  That rule provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending … The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …

Fed. R. Civ. P. 26(c)(1).  Courts have stated that under Rule 26(c)(1), a protective order may be issued if the movant shows "good cause."  *McCarthy v. Barnett Bank of Polk County,* 876 F.2d 89, 91 (11th Cir. 1989).

Here, as Defendant concedes, the undersigned finds that serving as lead counsel in a separate litigation constitutes good cause to release Mr. Eastmoore from the trial subpoena.  (Doc. 204, p. 4).  As this matter is set for trial commencing on January 23, 2017, the same date that Mr. Eastmoore's two week trial begins, the undersigned sees no need to further delay entry of the protective order.

Accordingly, after due consideration, it is **ORDERED** that Theodore C. Eastmoore's Motion for Protective Order (Doc. 202) is **GRANTED.**

**DONE AND ORDERED** in Tampa, Florida on this 10th day of January, 2017.

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge