**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CORY R. KAPRAL,

     Plaintiff,

v.                                                                                    Case No: 8:13-cv-2967-T-36AAS

GEICO INDEMNITY COMPANY,

     Defendant.

_____

## ORDER

THIS CAUSE comes before the Court on Defendant GEICO Indemnity Company's

Motion to Tax Costs (Doc. 276), and Plaintiff Cory Kapral's Response (Doc. 278). Having

reviewed the Motion and supporting documents, the Response, and being otherwise fully

advised in the premises, the Court concludes the Motion should be granted in part.

## PROCEDURAL BACKGROUND

In 2008, Plaintiff was involved in an auto accident with a third party. The third party

made a claim on Plaintiff's insurance policy with Defendant for the policy limits, which

Defendant rejected. The third party sued Plaintiff in state court, and a jury returned an

excess verdict against Plaintiff in favor of the third party in 2012.

After resolution of the underlying case, Plaintiff sued Defendant in this Court for

bad faith claim handling. Plaintiff's claims centered on two things: (1) whether Defendant

breached its duty to defend Plaintiff in the underlying case; and (2) whether Defendant

acted in bad faith by, among other things, not accepting the third party's offer to settle

within the policy limits in the underlying case. The case proceeded to trial, where the Court

directed verdict in favor of Defendant on the duty to defend issue (Doc. 237), and the jury

returned a verdict in favor of Defendant on the bad faith claim handling issue (Doc. 245).

## STANDARD FOR AWARDING COSTS

Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a

prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court

order provides otherwise. *See Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-

34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010) (stating that Rule 54 establishes

a presumption that costs should be awarded unless the district court decides otherwise

(citing *Chapman v. Al Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000))). A strong

presumption exists in favor of awarding costs. *See Durden*, 2010 WL 2105921, at *1; *see

also Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir.

2001). The district court's discretion in not awarding all costs is limited; the district court

must articulate a sound reason for not awarding full costs. *See Chapman*, 229 F.3d at 1038-

39; *Durden*, 2010 WL 2105921, at *1. "However, a court may only tax costs as authorized

by statute." *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Specifically,

pursuant to 28 U.S.C. section 1920, the following may be taxed as costs:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily

    obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials

where the copies are necessarily obtained for use in the case;

(5) Docket fees under [28 U.S.C. § 1923]; [and]

(6) Compensation of court appointed experts, compensation of interpreters,

and salaries, fees, expenses, and costs of special interpretation services

under [28 U.S.C. § 1828].

*See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

## DISCUSSION

Defendant seeks reimbursement for $12,982.66 in costs, which includes (1) $465.00 for the costs to serve subpoenas; (2) $433.24 for the costs of witness fees; (3) $7,404.43 for the costs of deposition and hearing transcripts; and (4) $4,679.99 for the costs of copies of materials necessarily obtained for use in this case. Plaintiff does not object to the costs in the first or second categories. As such, the Court will award those costs. The costs in the remaining categories will be discussed below.

### 1. Costs of Deposition and Hearing Transcripts

Defendant seeks reimbursement of $7,404.43 for cost of deposition and hearing transcripts. These include transcripts of the following depositions: (1) Scott Allen Jones, an employee of Defendant; (2) Theodore Eastmoore, Esq., counsel for Plaintiff in the underlying action; (3) Pam Beitlich, the plaintiff in the underlying action; (4) Cory Kapral, Plaintiff in this action; (5) Byron Wobeter, an employee of Defendant; (6) A. James Rolfes, of Dickinson & Gibbons, P.A.; (7) Peter Knowe, Plaintiff's expert witness; (8) Geoffrey K. Nichols, Esq., another counsel for Plaintiff in the underlying action; and (9) Kathy Maus, Esq., Defendant's expert witness. The costs also includes the $97.29 cost for a transcript on a motion in limine hearing, which Plaintiff concedes is taxable.

Generally, section 1920(2) authorizes taxation of costs for deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). Costs for transcripts of depositions conducted in support of a motion for summary judgment or depositions conducted of witnesses listed on a party's witness list are exemplary of the types of costs recoverable under § 1920(2). *See, e.g., Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012). However, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *W & O, Inc.*, 213 F.3d at 621.

Plaintiff concedes that a portion of the cost for the transcript of Mr. Eastmoore is recoverable. But Plaintiff argues that none of the other transcript costs are recoverable

because Defendant failed to meet its burden of establishing that the transcripts were "necessarily obtained for use in this case."

The Court disagrees with both Plaintiff and Defendant's cost calculations. This Court has previously held that costs of obtaining transcripts of deposition of persons listed on the losing party's witness list are recoverable. *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-CV-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) (citing *Burns v. City of Cape Coral,* 2012 WL 5381944, *2 (M.D. Fla. Nov. 1, 2012) and *EEOC v. W & O, Inc.,* 213 F.3d 600, 620–21 (11th Cir. 2000)). Here, Mr. Jones, Mr. Eastmoore, Ms. Beitlich, Mr. Kapral, Mr. Wobeter, Mr. Rolfe, Mr. Knowe, and Mr. Nichols are all listed on Plaintiff's witness list. So the Court concludes some costs associated with those transcripts are available.

The Court also concludes the copy of the deposition of Defendant's expert, Ms. Maus, is recoverable. Ms. Maus testified extensively at trial on her opinions regarding whether Defendant acted in bad faith and why. These issues went to the heart of Plaintiff's claim, and Plaintiff undertook great effort to impeach Ms. Maus on cross-examination. The Court, therefore, is satisfied that the transcript was necessarily obtained for use in this case since the parties knew Ms. Maus's opinion was highly relevant to Plaintiff's claims and would be subject to attack on cross-examination.

While the Court concludes that all of the transcripts for which Defendant seeks reimbursement were necessarily obtained for use in this case, not all of the costs are recoverable. Defendant seeks reimbursement for multiple copies of each of the transcripts, such as digital copies or condensed copies. The Court concludes these additional copies

were merely incurred for convenience and are not recoverable. Specifically, the Court finds

the following amounts to be recoverable for each of the transcripts requested:

| Who | Total Cost | Unrecoverable Costs | Recoverable Costs |
|---|---|---|---|
| Scott Jones | $467.51 | Digital Transcript: $30; and Condensed Transcript: $16 | $421.51 |
| Theodore Eastmoore | $2,313.60 | Plaintiff concedes Defendant can recover $2,170.70 in costs for this transcript, which the Court accepts | $2,170.70 |
| Pam Beitlich | $1,116.74 | Video: $305; Appearance Fees: $153; Digital Transcript: $30; Condensed Transcript: $16; and Shipping and Travel: $90.25[1] | $522.49 |
| Cory Kapral | $696.90 | Video: $317.50; and Shipping: $10 | $369.40 |
| Byron Wobeter | $467.50 | Digital Transcript: $25; Condensed Transcript: $16; Video Conference Site: $135; and Delivery: $26.80 | $264.70 |
| A. James Rolfes | $1,316.55 | Appearance Fees: $243; Digital Transcript: $30; Condensed Transcript: $16; and Shipping and Travel: $54.65 | $972.90 |
| Peter Knowe | $1,090.87 | Appearance Fees: $213; Digital Transcript: $30; Condensed Transcript: $16; CD-ROM: $175; and Shipping and Travel: $37.57 | $619.30 |
| Geoffrey Nichols | $343.10 | Delivery: $6 | $337.10 |
| Kathy Maus | $524.98 | Litigation Package: $55; and Shipping: $29.38 | $440.60 |

Based on the above, the Court concludes Defendant can recover $6,215.90 for transcripts,

including the deposition transcripts and motion in limine hearing transcript.

---

[1] *See Error! Main Document Only.Watson v. Lake Cnty.*, 492 Fed. App'x 991, 997 (11th Cir. 2012) (finding that a district court abused its discretion by taxing costs for shipment and binding of depositions because "§ 1920 does not authorize recovery of costs for shipment of depositions or costs for binders, tabs, and technical labor").

6

**2. Costs of Copies of Materials Necessarily Obtained for Use in This Case**

Defendant requests reimbursement of $4,679.99 for copies of materials it says were necessarily obtained for use in this case. Those materials consist of (1) trial exhibits; (2) deposition exhibits; (3) exhibits and case law for motion in limine hearing; (4) notebooks for both counsel and court for pretrial hearing, including all trial exhibits and outstanding motions; (5) documents and exhibits for trial that was continued based on Plaintiff's emergency; (6) additional documents and exhibits for trial.

Typically, "'[c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable.'" *Gordon v. Beary*, No. 6:08-cv-73-Orl-36KRS, 2012 WL 3291699, at *2 (M.D. Fla. July 27, 2012) (quoting *Desisto Coll., Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989)). On the other hand, "[c]opies obtained for the convenience of counsel, including extra copies of filed papers, correspondence, and copies of cases, are not taxable." *Id.* The taxing party must provide adequate documentation and description regarding the necessity of the cost for a fee to be compensable. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).

The Court concludes Defendant has not provided adequate documentation to collect all of the fees it seeks. Certainly, Defendant can recover the costs of one copy of the trial exhibits. But Defendant attempts to recover those costs several times, which is impermissible. Defendant has also not shown what exhibits and documents were copied for the depositions, so the Court is unable to determine whether Defendant printed multiple

copies of the same documents or new documents for each deposition. The Court can only

find sufficient evidence to support an award of costs for copies necessarily obtained for use

in this case totaling $1,877.89.[2]

Accordingly, it is ORDERED AND ADJUDGED that:

1.      Defendant GEICO Indemnity Company's Motion to Tax Costs (Doc. 276) is

        GRANTED in part.

2.      The Clerk is directed to enter a Bill of Costs in the amount of $8,992.03 in

        Defendant GEICO Indemnity Company's favor and against Plaintiff Cory

        Kapral.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of March, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[2] This includes the following items in Doc. 276-2, pages 4 through 6: Trial Exhibits: $123.63; 3/16/15 deposition preparation of 2,650 pages: $371; 1/12/16 exhibits and case law for hearing on motions in limine and motion for summary judgment: $132.86; 7/14/16 documents and exhibits for trial: $1,235.42; and 12/13/16 additional documents and exhibits for trial: $14.98.